■ WILLIAM FELNER, Individually and as Executor of ADELE E. FELNER, Deceased, Appellant, v WILLIAM SHAPIRO, Respondent. — Order of the Supreme Court, New York County (M. Evans, J.), entered on March 12, 1984, which granted the motion by defendant to vacate the unanimous finding of liability by the medical malpractice panel and directed that a new panel be convened, is reversed, on the law and facts, and the motion denied, with costs and disbursements to plaintiff.

The plaintiff brought this action against the defendant, Dr. William Shapiro, for wrongful death and pain and suffering suffered by the plaintiff's intestate, his wife. It is alleged that the defendant failed to timely diagnose and treat a lump found in the breast of Mrs. Felner, later diagnosed as a metastasized breast carcinoma, which eventually led to her death.

A medical malpractice panel, which consisted of a judge, a lawyer and one Dr. Tovell, was impaneled pursuant to Judiciary Law § 148-a. After a hearing, the panel made a unanimous finding of liability on the part of the defendant.

Prior to the trial of the action in 1982, the defendant's representative interviewed Dr. Tovell and "prepared" him for testimony at trial. Apparently, as a result of such "preparation", Dr. Tovell changed the position from that he had taken at the panel deliberations. However, this change in position was not made known to the plaintiff and, when the trial began, the plaintiff was not aware of such change. During his opening, plaintiff's counsel, unaware of what had transpired, announced to the jury that a doctor, lawyer and judge, all being impartial, had agreed upon the defendant's liability. The defendant's attorney, however, knowing of the change in the position of Dr. Tovell from that in the panel determination, argued to the jury in his opening, in effect, that the determination of the medical malpractice panel was worthless.

The case was tried and a defendant's verdict returned. On appeal, this court, with one dissent, reversed the judgment in favor of the defendant and remanded the case for a new trial (*Felner v Shapiro*, 94 AD2d 317).

The basis for the reversal was the fact that the use of Dr. Tovell by the defendant, to impeach the panel's finding on the basis of new matter not considered by the panel, violated his proper function as a panel member and made him an expert witness for defendant. "The denial of due process, therefore, inherent in Dr. Tovell's surprising turnabout, and the strong policy considerations weighing against a quasi-judicial officer's impeachment of his prior decision, establish prejudice per se to the plaintiff" (*Felner v Shapiro, supra,* at p 322).

Upon remand, Special Term granted defendant's motion to vacate the medical malpractice panel's unanimous finding of liability and directed that a new panel be convened. In so doing, Special Term reasoned that "in view of the possibility of the appearance of impropriety inadvertently created in this case by the defendant * * * the interest of justice will be better served if a new panel is convened." We disagree and, accordingly, reverse.

It would appear that Special Term was under the misapprehension that Dr. Tovell, if the panel finding stood, could testify at the new trial upon the "new" evidence submitted to him by defendant. Thus it said: "Plaintiff, on a new trial, could not claim surprise, since he has been fully alerted to the proposed testimony of the panel doctor, and to the new bases for the evidence". However, our prior decision precludes any such testimony from Dr. Tovell if he is called to testify at the retrial.

*Felner (supra)* noted that Dr. Tovell's testimony went outside the record compiled at the panel hearing and that his abandonment of the panel's finding was due, in part, to new information he had received from defense counsel. We found, because of this, that "[w]hen Dr. Tovell was allowed to impeach the panel's finding offering a contrary recommendation, he was no longer providing testimony with respect to the panel's recommendation 'only'" (*Felner v Shapiro, supra,* at p 319). As stated by the Court of Appeals: "Nor may he be asked to express opinions on hypotheses other than those before the panel. In short he is not to be made an expert witness on behalf of any litigant, but may be examined only with respect to the panel recommendation" (*Bernstein v Bodean,* 53 NY2d 520, 529).

Therefore, if defendant chooses to call Dr. Tovell at the new trial, he will be relegated to questioning him pursuant to the parameters set forth in *Bernstein v Bodean (supra)* and *Felner v Shapiro (supra).* Concur — Carro, J. P., Asch, Fein and Kassal, JJ.